IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Bankruptcy No. 13-20707-CMB |
| MICHAEL S. GEISLER, | Chapter 7 |
| Debtor. | |
| MICHAEL S. GEISLER, | |
| Plaintiff, | Adversary No. 14-2098-CMB |
| v. | Related to Doc. No. 7 |
| INTERNAL REVENUE SERVICE, | |
| Defendant. | |

## MEMORANDUM OPINION

The matter before the Court is the *United States' Motion to Dismiss* ("Motion") the above-captioned adversary proceeding. The adversary proceeding was commenced by the filing of the *Debtor's Complaint to Determine Secured Status Under Section 506 of the Bankruptcy Code* ("Complaint").[1] Debtor filed a response to the Motion and, at the hearing held on September 30, 2014, sought additional time to brief the issue for the Court. The United States advised that no further briefing was necessary in support of its position. Therefore, as the Debtor's brief has been filed, the matter is now ripe for decision.

---

[1] This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§157 and 1334. As Plaintiff seeks to strip down the liens of the IRS to the value of the collateral, this is a core matter pursuant to 28 U.S.C. §157(b)(2)(K). The contention that this Court may be deprived of subject matter jurisdiction on the basis that the Complaint seeks an impermissible advisory opinion is addressed within this Memorandum Opinion.

1

By way of background, on February 20, 2013, Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code. On March 27, 2013, the Internal Revenue Service filed its Proof of Claim in the total amount of $969,419.20. The amount of its secured claim was listed as $13,800.00. On May 13, 2013, the case was converted to Chapter 11. Thereafter, the Proof of Claim was amended to replace estimated liabilities with actual liabilities following the filing of tax returns for 2011, 2012, and 2013. The amount of the claim was amended to $977,244.31, and the amount listed as secured remained $13,800.00. Ultimately, the case was converted on January 31, 2014, to Chapter 7. Thereafter, the Trustee filed her Report of No Distribution.

On May 9, 2014, Debtor filed the Complaint. Therein, Debtor asserts that the United States filed federal tax liens totaling $694,139.71 while Debtor's personal property subject to said liens totals $13,800.00. Debtor seeks entry of an order determining the United States' claim to be a secured claim in the amount of $13,800.00 and directing that all other federal tax liens be satisfied or released.

Thereafter, the United States filed its Motion.[2] The United States argues that the relief requested would result only in an impermissible advisory opinion as no meaningful controversy exists. Specifically, the United States asserts that the claims adjudicative process is not invoked in a no-asset Chapter 7 case, and a determination of whether a claim is secured or unsecured is futile. Alternatively, citing to the Supreme Court's decision *Dewsnup v. Timm*, 502 U.S. 410 (1992), the United States contends that the Court may not strip any portion of the liens from the Debtor's property under §506 in a Chapter 7 case and thus the Complaint fails to state a claim upon which relief can be granted.

---

[2] The Court notes that the contention that the Complaint was not properly served was resolved as the summons was reissued and served following the filing of the Motion.

In response, Debtor contends that the United States admitted to the amount of its secured claim and should get no more than that. Further, the Debtor contends that the United States should be required to satisfy all other liens as a consequence of the Chapter 7 discharge. The Debtor's response, however, provides no elaboration on these arguments. In his brief, Debtor seems to rely exclusively upon the statement of the secured claim made in the Proof of Claim or amendment thereto filed while this case was proceeding under Chapter 13 and subsequently Chapter 11. The brief, however, does not address the relevance of the previously filed Proof of Claim and amendment in the no-asset Chapter 7 case nor does it provide any support for the Debtor's contention that a debtor may "strip down" liens in a Chapter 7 case.

A review of *Dewsnup v. Timm* is instructive to resolve both issues raised in the Motion. In *Dewsnup*, the Supreme Court considered whether under 11 U.S.C. §506(d) a debtor may "strip down" a creditor's lien to the value of the collateral when that value is less than the amount of the claim secured by the lien. 502 U.S. at 411-12. In deciding the issue, the Court addressed the interrelationship between §506(a) and (d). Section 506(a)(1) provides, in pertinent part:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim.

Section §506(d) provides that "[t]o the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void . . . ." In *Dewsnup*, the Court held that §506(d) did not permit the "petitioner to 'strip down' respondents' lien" reasoning that "respondents' claim is secured by a lien and has been fully allowed pursuant to §502." 502 U.S. at 417. The Court was unwilling to "depart from the pre-Code rule that liens pass through bankruptcy unaffected." *Id.*

3

Thus, "[i]n *Dewsnup*, the statutory language of 'not an allowed secured claim' under §506(d) was interpreted by the Supreme Court with reference to §502 . . . ." *See IRS v. Johnson*, 415 B.R. 159, 165 (W.D.Pa.2009). Section 502(a) states that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." In a no-asset Chapter 7 case, however, there is no purpose in filing proofs of claims as there are no assets to administer. Accordingly, the claim allowance process is not triggered. Thus, the Court agrees with the United States' position that this matter does not give rise to a case or controversy. To the extent the Debtor argues to the contrary on the basis that the United States has already admitted to the amount of its secured claim by filing its Proof of Claim, this matter is nonetheless fully resolved by *Dewsnup* and must be dismissed for failure to state a claim upon which relief can be granted.

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). As described by the United States District Court for the Western District of Pennsylvania, "[t]he ultimate effect of the holding in *Dewsnup* is that a Chapter 7 debtor is prevented from stripping down an allowed secured claim under §506(d)." *See IRS v. Johnson*, 415 B.R. 159, 166 (W.D.Pa.2009). In *Johnson*, the District Court noted that, with respect to the applicability of *Dewsnup* to the reorganization chapters, courts have relied upon particular sections under the appropriate chapters, such as §1322 and §1123, to permit lien stripping. *See id.* at 167-69. Although Debtor cited to *In re Berkebile* in support of his position, *Berkebile* is distinguishable as it was a Chapter 11 case. *See Berkebile v. Ocwen Loan Servicing, LLC* (*In re Berkebile*), 444 B.R. 326 (Bankr.W.D.Pa.2011). Therein, the court explicitly recognized that

4

"[c]ourts have determined that lien stripping is permitted in *Chapter 11* bankruptcy proceedings." 444 B.R. at 330 (emphasis added). *See also In re Heritage Highgate, Inc.*, 679 F.3d 132, 144 (3d Cir. 2012). Debtor failed to provide a basis to permit lien stripping in this Chapter 7 case in light of *Dewsnup*.

Therefore, upon consideration of the Complaint, Motion, Response, and Debtor's Brief, this Court finds dismissal with prejudice is appropriate for the reasons set forth herein. An Order will be entered consistent with this Memorandum Opinion.


Date: November 19, 2014                             \_\_/s/ Carlota M. Böhm_____
                                                    Carlota M. Böhm
                                                    United States Bankruptcy Judge


**MAIL TO:**
Office of the United States Trustee
Michael S. Geisler, Esq.
Stephen Shuching Ho, Esq.